UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NEUMENTUM, INC.,

         Plaintiff,

  -against-

ANCORIS CAPITAL PARTNERS LLC,

         Defendant.
------------------------------------------------------------x

Case No. 1:21-cv-09838-ALC-SN

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

This matter, having come before the Court by stipulation of plaintiff, Neumentum, Inc., and defendant, Ancoris Capital Partners LLC, (individually, "Party," and collectively, "Parties") for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms of this stipulation;

It is ORDERED that:

1.     This stipulation is entered to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment ("Documents" or "Testimony").

2.     Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "confidential" either by designating by notation each page of the Document, a statement on the record of a deposition, written notice to the respective undersigned counsel for the Parties, or other appropriate means.

3. Definitions of terms used in this stipulation:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

(b) "Producing Party" shall mean the Parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party designating a Document or Testimony as confidential, as the case may be.

(c) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything to the contrary in this stipulation, the

Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

5.  Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except:

(a) personnel of the Parties who are engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 below;

(d) the Court and court personnel;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, below; and

(g) any other person agreed to by the Producing Party.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5 (c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and request and obtain the expert's or consultant's written agreement, in the form of Exhibit 1 attached, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such thirty-day period, the deposition shall be classified appropriately.

9. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, that Party or, as appropriate, non-party, may do so only after taking such steps, if any, that the Court, following a motion by the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" under the terms hereof. If a Party seeks to give access to Confidential

Information to a deposition witness, the Party shall provide the witness with a copy of this Stipulation and request that the witness execute a written agreement, in the form of Exhibit 1 attached below, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that a witness refuses to execute the agreement to be bound by this Stipulation, the Court may, upon the Party's application, enter an order directing the witness's compliance with the Stipulation, or directing such other steps as the Court may deem necessary under the circumstances.

11. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion of such materials or information. In the case of Documents, produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

12. (a) Any Receiving or Producing Party who seeks to file any material—including but not limited to  pleadings, motion/application papers, affidavits, memoranda, briefs, and exhibits—to the Court using Documents or Testimony which have previously been

designated as comprising or containing Confidential Information, and/or which reproduces, paraphrases, or discloses Confidential Information (Filing Party), shall, seven (7) days prior to filing such material, provide all Parties with written notice of its intent to file such material with the Court such that any Party may file, by letter-motion, an application to redact and/or seal the Confidential Information pursuant to Sections I(B) and III(F) Court's Individual Practices in Civil Cases (the "Individual Rules"); such motion to redact and/or seal must be filed three (3) days prior to the Filing Party's submission of such material in conformance with the Court's decision and order resolving the redact/seal motion or, if undecided, by filing such material to the Electronic Case Filing System under temporary seal until the Court renders its decision. In accordance with Section III(F) of the Individual Rules, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006).

(b) If the motion to seal or redact is granted in whole or in part, or denied, the Parties shall ensure that all documents that are the subject of the order to seal or redact are properly filed in accordance with the procedures that govern the filing of sealed or redacted documents on the Electronic Case Filing System and the Individual Rules within three (3) business days (i.e., if the motion to seal/redact is denied, the documents filed under temporary seal must be replaced with unsealed and unredacted publicly-available copies).

(c) All pleadings, briefs, memoranda or other documents which reproduce, paraphrase or disclose any document or content of a document which has previously been

6

designated by a party as comprising or containing Confidential Information shall identify each designated document by the production number ascribed to it at the time of production.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms of this Stipulation and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

14. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation may be so designated by the party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the production from which the document or information was disclosed without such designation.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a Party or non-party from making a subsequent challenge as to those documents or information.

17. This Stipulation is entered without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any of its provisions by properly-

noticed motion to the Court, or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

18. This Stipulation shall continue to be binding after the conclusion of this litigation; however, there shall be no restriction on documents that are used as exhibits in Court unless, and only insofar as, such exhibits were sealed or redacted pursuant to an order of the Court). Further, nothing in this Stipulation prevents a Receiving Party from seeking the written permission of the Producing Party, or further order of the Court, to dissolve or modify the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action; however, documents sealed or redacted by order of the Court prior to, or for a purpose other than, trial shall not remain sealed or redacted for use as trial exhibits absent further order of the Court extending the sealed or redacted status of such documents for use at trial.

19. Nothing in this Stipulation shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated, and all reproductions of such materials, shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, that Receiving Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of

record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter. Any materials produced to the Court at any stage of the action will be handled pursuant to the Individual Rules.

21. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

22. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

23. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original document, and electronic signatures of counsel of record shall be deemed original signatures.

SO STIPULATED AND AGREED.

Dated: New York, New York
February 14, 2022

| COZEN O'CONNOR | ARKIN SOLBAKKEN LLP |
|---|---|
| /s/ Matthew Elkin | /s/ Deana Davidian |
| Matthew L. Elkin | Deana Davidian |
| 3 WTC, 175 Greenwich Street, 55th Floor | 900 Third Avenue, 18th Floor |
| New York, New York 10007 | New York, New York 10022 |
| 212.509.9400 | 212.333.0200 |
| melkin@cozen.com | ddavidian@arkin-law.com |
| *Attorneys for Plaintiff/Counterclaim-Defendant Neumentum, Inc.* | *Attorneys for Defendant/Counterclaim-Plaintiff Ancoris Capital Partners LLC* |

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: February 14, 2022
New York, New York